

**NUMBER 13-14-00477-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE ED JAYCOX**

**On Petition for Writ of Mandamus**

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Garza, and Benavides**
**Memorandum Opinion Per Curiam[1]**

Relator, Ed Jaycox, proceeding pro se, filed a petition for writ of mandamus seeking to set aside the trial court's order of June 16, 2014 dismissing relator's lawsuit against his appointed counsel as frivolous under Chapters 13 and 14 of the Texas Civil

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 13, 14 (West, Westlaw through 2013 3d C.S.).[2]

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown either that he lacks an adequate remedy by appeal, or, based on the paucity of documents provided, that the trial court abused its

---

[2] Relator has an appeal currently pending in this Court in our cause number 13-13-00639. Relator has also had several other matters filed with this Court which have been previously resolved. *See, e.g., Jaycox v. State*, No. 13-13-00214-CR, 2014 WL 3796412, at *1 (Tex. App—Corpus Christi July 31, 2014, no pet.) (mem. op.); *In re Jaycox*, No. 13-14-00399-CR, 2014 WL 3538895, at *1 (Tex. App.—Corpus Christi July 16, 2014, orig. proceeding) (per curiam mem. op.); *In re Jaycox*, No. 13-14-00398-CR, 2014 WL 3538890, at *1 (Tex. App.—Corpus Christi July 15, 2014, orig. proceeding) (per curiam mem. op.).

2

discretion in dismissing the case.  Accordingly, the petition for writ of mandamus filed in

this cause is DENIED.  *See id.* R. 52.8(a).

PER CURIAM

Delivered and filed the
25th day of August, 2014.